# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| DONOVAN WADE, <br>     Plaintiff | § <br> § <br> § |
| vs. | § CIVIL ACTION NO. 4:11-CV-246 <br> § |
| ALLSTATE TEXAS LLOYDS, <br>     Defendant. | § <br> § |

### REPORT AND RECOMMENDATION OF UNITED STATES
### <u>MAGISTRATE JUDGE</u>

Now before the Court is Plaintiff's Objection to Removal and Motion to Remand (Dkt. 7). As set forth below, the Court finds that the motion should be DENIED.

A court may remand a case on the basis of any valid defect identified in a motion to remand as long as it is made within 30 days of removal, and a court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When there is no subject-matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c). The removing party has the burden of proof in demonstrating that removal to federal court is proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

Defendant removed this case on April 29, 2011 on the basis of diversity of citizenship, arguing that, since no underwriter of Defendant is a citizen of the State of Texas, complete diversity exists in this matter. Suits are removed on the basis of diversity jurisdiction when: (1) the suit involves a controversy between citizens of different states *and* (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. It is Defendants' burden here to show that this Court has diversity jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003). Attached to Defendant's Notice of Removal was the affidavit of Jennifer M. Hager, an Assistant Secretary of Allstate Texas Lloyd's Inc.

In his motion, Plaintiff objects to Defendant's removal papers, arguing that the Hager affidavit is not competent evidence of removal, lacks foundation and is based on hearsay and speculation. Specifically, Plaintiff objects to Hager's assertions (that Defendant Texas Lloyds is an association of individual underwriters and that all the underwriters reside outside of Texas) because Hager has not established that such facts are within her personal knowledge or that she knows of anything occurring prior to January 1, 2009.

Defendant responds that it is not necessary to verify a notice of removal by affidavit. Defendant further responds that Hager's affidavit clearly states that she has personal knowledge of the statements made therein. Finally, Defendant responds that, since this suit involves an alleged burglary occurring on March 1, 2010, any events occurring prior to January 1, 2009 are irrelevant. The Court agrees.

Defendant was not required to attach any evidence to its Notice of Removal in order to effectively remove the suit so long as the facts forming the basis for removal were clearly stated on the record. *See, e.g., Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 68 (5th Cir. 2010) (removal proper where the "facts supporting diversity jurisdiction between the plaintiffs and the out-of-state defendants were apparent from the record"). Here, Defendant has correctly stated that, as an association of individual underwriters, its citizenship is determined by the citizenship of its underwriters. *Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 883 (5th Cir. 1993). Defendant's Notice of Removal states that it is not a corporate citizen of Texas and that the amount in controversy is at least $176,384. Such assertions sufficiently state the grounds for removal. Notably, Plaintiff's motion to remand does not challenge the veracity of Defendant's assertion that there is diversity jurisdiction here. Plaintiff merely challenges the form through which Defendant presented it.

Regardless, the Court has reviewed the Hager affidavit and, contrary to Plaintiff's contention, it is based on personal knowledge for the relevant time period at issue. Therefore, Plaintiff's objections to the removal pleadings are without merit and Plaintiff's Objection to Removal and Motion to Remand (Dkt. 7) should be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 19th day of May, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE